Robert F. Croskery  Reg. No.0064802
Attorney for Relator

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# (WESTERN DIVISION)

| | |
|---|---|
| **[FILED UNDER SEAL]** : | |
| : | **Case No.** |
|    **Plaintiff,** | |
| : | **Judge** |
| vs | |
| : | |
| **[FILED UNDER SEAL]** | **FILED UNDER SEAL** |
| : | |
|    **Defendant** | |
| : | |

## COMPLAINT

1

Robert F. Croskery  Reg. No.0064802
Attorney for Relator

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## (WESTERN DIVISION)

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **:** |
| Ex Rel. | |
| | **: Case No.** |
| **VICKI SHELDON** | |
| **70 Richards Run** | **: Judge** |
| **Springboro, Ohio 45066** | |
| | **:** |
| **Relator,** | |
| | **: QUI TAM COMPLAINT** |
| vs | **FILED UNDER SEAL** |
| | **:** |
| **KETTERING HEALTH NETWORK** | |
| **10050 Innovation Dr., Suite 240** | **:** |
| **Dayton, Ohio 45342** | |
| | **:** |
| **Defendant** | |

## JURISDICTION

1. This Court has jurisdiction over this controversy under 31 USC §3730 *et seq*, as this case involves matters of fraudulent claims against the United States Government.

2. Venue is proper in this Court under 28 USC §1391, because a substantial amount of the events giving rise to this claim occurred within the Southern District of Ohio.

## PARTIES

3. Relator, Vicki Sheldon, ("SHELDON") lives at the address listed in the complaint, and brings the complaint on behalf of the United States of America.

4. Defendant Kettering Health Network. ("KHN") is a a network of hospitals, medical facilities and physicians, providing medical services.  KHN provided medical services for Relator Vicki Sheldon, her daughter Haley Dercola, her grandson Tucker Dercola, and for many other persons.

2

Defendant KHN has received significant incentive payments (referred to as "Meaningful Use" payments) from the United States government under the Health Information Technology For Economic and Clinical Health Act (otherwise known as the "HITECH Act)."  The HITECH Act incentivized doctors and hospitals to implement a system of Electronic Health Records (known as "EHR") through the provision of "Meaningful Use" stimulus money.  The HITECH act requires doctors and hospitals to show "meaningful use" of an EHR system.  Medical providers are required to show that they are using certified EHR technology in ways that can be measured significantly in quality and in quantity.  As part of that certification, The HITECH Act and the Health Information Portability and Accountability Act (HIPPA) require the certification of privacy and security safeguards to protect the privacy of electronic health records, and limit the number of people who have access to personal information.

**FACTS**

5.  In order to obtain "Meaningful Use" incentive payments believed to amount to in excess of $75,000,000.00.  Defendant Kettering Health Network has certified to the United States, during the past several years, that it has properly implemented a system of electronic health records keeping and protecting patient information.

6.  The certification of Defendant Kettering Health Network that it has properly protected medical information is false.

7.  Defendant Kettering Health Network bought and implemented a computer software system called "EPIC," for the purpose of maintaining electronic medical information, accessing medical information by approved personnel, and protecting medical information from unapproved personnel.

8.  The "EPIC" System is a sophisticated software system with a comprehensive series of safeguards and monitoring reports that, when properly used, ensure that electronic medical information is protected.  Through a series of reports, known as "CLARITY" reports, the hospital or medical information custodian has the ability to ensure that records are not being improperly accessed through, but not limited to, the following Clarity reports:  a) the same last name use report (which allows the hospital to detect when persons are accessing information of a person with the same last name); b) accessing a given patient's EHR user report; c) Patient EHRs per user report; d) HB_Extract_Hospital_Accounts; e) HB_User_Activity_Summary; f) PB_Extract_Patient_Detail_Report; and g) PB_Extract_-_Payment_Reconciliation_Report per user; and each user accessing the individuals reports.  The cumulative effect of the regular and proper running of these reports is to detect and deter improper access.  When routinely run, the Epic Clarity reports provide early detection of privacy breaches of EHRs.

9.  According to the training and instruction provided by EPIC, and the standard used by most major medical health providers, the above reports should be run on a consistent and recurring basis, no less than monthly, and preferably weekly, in order to adequately ensure and protect the privacy of health information.

10.  Relator Vicki Sheldon, was married to a Director for Defendant Kettering Health Network, who had access to such reports.  The director was Duane Sheldon.

11.  Duane Sheldon, as a Director, commenced an illicit sexual affair with a female subordinate employee in the Kettering Health Network.  In order to advance his affair, Duane Sheldon improperly accessed medical information belonging to Vicki Sheldon, and shared such information with his sexual partner and with others working for him.

12. In addition, Duane Sheldon and other parties in his department created a fictitious name to access Relator Vickie Sheldon's ERHs, which name did not represent real parties or a real user of health information.

13. Relator Vicki Sheldon discovered that the protected electronic health records of her daughter Haley Dercola and her grandson Tucker Dercola were also viewed by employees of Defendant KHN who were not authorized to do so. Relator Vicki Sheldon discovered that her daughter's and grandson's medical billing information was accessed and manipulated.

14. In addition, there were significant other breach incidents of Vicki Sheldon's protected health information. In breaching the health information, Defendant Kettering Health Network admitted that it violated the HITECH Act. See Exhibit A attached.

15. To be in full compliance with the HITECH Act, and to be eligible for "Meaningful Use" money that has been taken from the government, Defendant Kettering Health Network was obligated to take reasonable steps to protect the private electronic health records of Vicki Sheldon, her daughter and grandson, and all other patients.

16. However, although Defendant Kettering Health Network revealed that there had been a breach of Relator Vicki Sheldon's private electronic health records, it did not provide the proper "EPIC" and "CLARITY" reports to demonstrate the actual breaches. This is because Defendant Kettering Health Network had failed to follow the usual steps and standards in the industry to protect medical information and to prevent breaches.

17. In fact, Vicki Sheldon, through counsel, asked for copies of the "EPIC" reports, by name, that would have shown the exact nature of the breach, and Defendant refused to provide them, presumably because it did not run them.

18.     Instead, Defendant Kettering Health Network provided a "Homegrown" Report that is inadequate, and then proceeded to provide false information regarding the parties that are listed on the "Homegrown" Report.  As seen in attached Exhibits B, C, and D, Defendant Kettering Health Network at one point refers to the ficticious name that accessed Relator Vicki Sheldon's health information as a collection agent, at one time as a mammography technician, and another time as an unknown.

19.     In addition, Defendant Kettering Health Network is breaching its duties, in properly accepting "Meaningful Use" monies by certifying that it is protecting patient health information when, in fact, an unauthorized employee who reported to Duane Sheldon was routinely running, and revealing, an "expired medication report" which  breaches the privacy of every patient listed in that lengthy report.  There is no valid reason for said employee to run that report, which, after it was run sat on an unmonitored printer for hours, allowing improper access by any employee that chose to review it.

20.     In order for Defendant Kettering Health Network to have properly accepted its "Meaningful Use" money, it had to certify that it was in full compliance with all requirements of the HITECH Act and the privacy and security rules of HIPAA.

21.     Because Defendant Kettering Health Network has breached its duty to protect the privacy and security of the electronic health records of its patients, and has falsely certified that it is in compliance with the HITECH Act and "Meaningful Use" certification, it is liable to return ALL "Meaningful Use" Money to the United States Government.

22.     Furthermore, because Defendant Kettering Health Network serves as the records custodian for many doctors and physicians that are also part of the Kettering Health Network, a

list of which is attached as Exhibit F and because it also serves as their certifier for such records, and because such records were also exposed to the improper access, tactics, procedures and techniques, this HITECH Act incentive payments for "Meaningful Use" has also been falsely certified, and must be returned to the United States Government.

### FIRST COUNT:  FALSE CLAIM UNDER THE "HITECH" ACT OF PROTECTING ELECTRONIC HEALTH INFORMATION

23.  Relator realleges all the foregoing paragraphs as if fully rewritten herein.

24.  Defendant Kettering Health Network violated the HITECH Act, when it failed to protect the privacy of Relator Vicki Sheldon, her daughter and grandson, and many other patients' electronic health records, and falsely certified to the United States Government that it had complied with the HITECH Act to collect "Meaningful Use" monies.

25.  Specifically, KHN falsely certified that it met the objective to  "Protect electronic health information created or maintained by the certified disk technology through the implementation of appropriate technological capabilities", by checking "Yes" to the question "Did you conduct or review a security risk analysis per 45 CFR164.308(a) (1) and implement security updates as necessary and correct identified security deficiencies as part of its risk management processes" and other similar objectives.

26.   In actuality, KHN failed to   implement technical policies and procedures that allow only authorized persons to access electronic protected health information (e-PHI), 45 C.F.R § 164.312(a).

27.  As a result of its violation of the HITECH Act, Defendant Kettering Health Network fraudulently accepted money on its behalf, as well as on behalf of all the physicians and medical

facilities in the Kettering Health Network, from the United States of America, which it is responsible to repay in an amount believed to exceed $75,000,000.00.

### SECOND COUNT:  FALSIFICATION OF MEANINGFUL USE CERTIFICATION THAT IT PROPERLY AUDITED AND IMPLEMENTED SECURITY PROCEDURES TO MONITOR AND PREVENT AGAINST UNAUTHORIZED ACCESS TO HEALTH INFORMATION

28.   Relator Vicki Sheldon realleges paragraphs 1-22 as if fully rewritten herein.

29.   Defendant Kettering Health Network further falsified its "Meaningful Use" certification by not running weekly or monthly reports in order to adequately ensure and protect the privacy of the medical information of Relator Vicki Sheldon and others.

30.  Specifically, KHN falsely certified that it met the objective to  "Protect electronic health information created or maintained by the certified disk technology through the implementation of appropriate technological capabilities", by checking "Yes" to the question "Did you conduct or review a security risk analysis per 45 CFR164.308(a) (1) and implement security updates as necessary and correct identified security deficiencies as part of its risk management processes" and other similar objectives.

31.  In actuality, KHN failed to  implement hardware, software, and/or procedural mechanisms to record and examine access and other activity in information systems that contain or use electronic health information, as required under  45 C.F.R § 164.312(b).

32.   For instance, had Defendant routinely run the "same last name" Clarity report on a weekly or at least monthly basis, it would have discovered Duane Sheldon's breach of her private electronic health records in short order, instead of allowing him and others who worked for him to continue their unauthorized access to Relator's medical records over a period of many months,

approaching 2 years of unauthorized access.

33. As a result of its falsification of the "Meaningful Use" certification, Defendant Kettering Health Network fraudulently accepted money on its behalf as well as on behalf of all the physicians and medical facilities in the Kettering Health Network from the United States of America which it is responsible to repay in an amount believed to exceed $75,000,000.00.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, United States of America, Relator Vicki Sheldon demands that this honorable Court adjudge that the submitted claim was inflated, artificial, and tantamount to a false claim, and that Defendant Kettering Health Network, and all associated physicians and associated medical facilities, refund all monies improperly paid out to Defendant's benefit for "Meaningful Use" to the United States government, and this Court award all such other relief as it or a jury may direct.

Respectfully submitted,

/s/ Robert F. Croskery
Robert F. Croskery (0064802)
Trial Attorney for Plaintiff
Croskery Law Offices
810 Sycamore St., 2nd Floor
Cincinnati, Ohio 452202
Phone: (513) 232-5297
Fax: (513) 338-1992

Of counsel:
Croskery Law Offices
810 Sycamore St., 2nd Floor
Cincinnati, Ohio 452202
Phone: (513) 232-5297
Fax: (513) 338-1992